IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | No. 14-04729 |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY, | : | |
|     Defendant. | : | |

September 3, 2014                                                                                         Anita B. Brody, J.

**MEMORANDUM**

Plaintiff John Doe ("Doe") brings suit against Defendant Temple University ("Temple"), asserting violations of civil rights, gender discrimination, and breach of contract. I exercise jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. Currently before me is Doe's motion to proceed under a pseudonym. For the reasons set forth below, I will deny Doe's motion.

**I. BACKGROUND**

On September 22, 2012, a Temple student was sexually assaulted. Temple determined that Doe was responsible, and initiated disciplinary proceedings against him two days later. At the close of these proceedings Temple expelled him. Doe brings suit in this Court alleging that Temple violated its own policies and procedures, failed to provide Doe with sufficient notice of the charges and allegations against him, denied him access to counsel, and denied him the opportunity to confront his accuser in violation of his Due Process rights and enrollment agreement with the school. Pl.'s Mot. 3, ECF No. 2. Doe now moves for permission to proceed under a pseudonym.

**II. Legal Standard**

Federal courts strongly prefer open, public proceedings. "Identifying parties to [a] proceeding is an important dimension of publicness. The people have a right to know who is

using their courts." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)); *see also* Fed. R. Civ. P. 10 (requiring the complaint and other pleadings to "name [] the parties").  Limited exceptions exist when a plaintiff can show he reasonably fears that severe harm will result from having his or her name attached to a lawsuit.  *See Megless*, 654 F.3d at 408 (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1043 (9th Cir. 2010)).  However, "embarrassment or economic harm" are not recognized bases to conceal a litigant's identity.  *Id.*

The Third Circuit enumerates nine factors for District Courts to consider when determining whether to allow a party to proceed under a pseudonym.  Those weighing in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id*. at 409.  Against these factors, a court must weigh:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id*.
### III. Discussion

In this case, the potential harm to Doe and those similarly situated is not enough to outweigh the public's interest in an open proceeding.  Sexual assaults on college campuses, and the measures universities are taking to respond to these incidents, are important issues

commanding national attention.  Doe chose not to appeal Temple's decision internally, an option that would have limited public disclosure of his identity.  Def's Resp. 2, ECF No. 9.  Instead, he filed suit in federal court to seek his exoneration.  Because "one of the essential qualities of a Court of Justice [is] that its proceedings should be public," Doe's choice comes with a consequence.  *Megless*, 654 F.3d at 408 (quoting *Daubney v. Cooper,* 109 Eng. Rep. 438, 441 (K.B. 1829).  The dispute, and Doe's name, will contribute to the current debate about sexual assault on college campuses.

Moreover, Doe does not assert a cognizable harm.  Doe warns that allowing the public to connect his name with sexual misconduct would result in "further damage to his personal and professional reputation."  Pl.'s Mot. 7.  Specifically, he alleges that he will likely be unable to attend medical school unless his record is cleared.  Compl. 23-24, ECF No. 1; Pl.'s Mot 3.  As discussed, this is exactly the kind of "embarrassment [and] economic harm" that does not support the use of a pseudonym.  *See Megless*, 654 F.3d at 408.  Judge Goldberg in this District has recently reached the same conclusion, holding that diminished chances of acceptance into dental school because of expulsion for sexual assault did not warrant a pseudonym.  *See John Doe v. Temple University,* Civ. A 13-5156 (E.D. Pa. Aug. 7, 2014).

Doe's arguments against an open proceeding are not persuasive.  Doe asserts that his identity has been kept largely confidential and that he may not continue with the case if this motion is denied.  Pl.'s Mot. 8. Because Doe's complaint alleges violations of his constitutional and civil rights, the public would suffer if the suit was terminated prematurely.  However, no matter how sincere, a plaintiff's "refusal to litigate openly by itself cannot outweigh the public's interest in open trials."  *Megless*, 654 F.3d at 410-11.

Finally, Doe maintains that even if the harm to him individually is insufficient that the

public has a strong interest in allowing those falsely accused of sexual assault to proceed anonymously. Those that have been wrongly accused will be dissuaded from vindicating their rights in court because of the increased publicity that accompanies a public proceeding. *See* Pl.'s Mot. 3.

However, this prediction appears unfounded. There are many examples of plaintiffs proceeding with suits in their own names protesting sexual assault discipline from universities. *See, e.g.*, *Johnson v. Temple Univ.-of Commonwealth Sys. Of Higher Educ.*, Civ. A. 12-515, 2013 WL 5298484 (E.D. Pa. Sept. 19, 2013), *reconsideration denied*, Civ. A. 12-515, 2014 WL 3535073 (E.D. Pa. July 17 2014); *Dempsey v. Bucknell Univ.*, Civ. A. 4:11-cv-01679, 2012 WL 1569826 (M.D. Pa. May 3, 2012); *Gomes v. Univ. of Me. Sys.*, 365 F. Supp. 2d 6 (D. Me. 2005); *Fellheimer v. Middlebury Coll.*, 869 F. Supp. 238 (D. Vt. 1994); *Ruane v. Shippensburg Univ.*, 871 A.2d 859 (Pa. Commw. Ct. 2005).

### IV. Conclusion

Because the public interest in an open proceeding outweighs the private interests seeking anonymity, I will deny Doe's motion to proceed under a pseudonym.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:             Copies **MAILED** on _____ to: